

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS ALLEN DOSCH,<br><br>Plaintiff,<br><br>vs.<br><br>BOB DOOLEY, WARDEN - SDSP; AND MARTY JACKLEY, THE ATORNEY GENERAL OF THE STATE OF SD;<br><br>Defendants. | 1:14-CV-01016-CBK<br><br><br>ORDER |

On July 14, 2014, Curtis Allen Dosch ("Dosch) petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed voluminous documents in support of his petition. Respondents have filed a motion (Doc. 11) to dismiss the petition, claiming Dosch failed to exhaust his claims in state court and, therefore, his claims are procedurally barred. The claim is that he did not timely seek a certificate of probable cause for discretionary review before either the Circuit Court in Brown County or the South Dakota Supreme Court. It is not in dispute that no timely application for the certificate of probable cause was filed. I have, of course, read the entire file, including the available transcripts.

The criminal convictions of Dosch stem from a jury trial in Brown County, South Dakota, in March of 2007. He was sentenced on March 28, 2007, to consecutive sentences totaling 42 years. Dosch was assisted at the jury trial by two court appointed attorneys. Dosch timely appealed his convictions to the South Dakota Supreme Court and the convictions were affirmed.

On November 17, 2008, Dosch filed a petition for writ of habeas corpus with the office of the clerk of courts in Brown County, South Dakota. An attorney was appointed to represent him in connection with the petition. Dosch attempted to have contact with

the attorney with a letter of December 29, 2009. The attorney finally replied on March 3, 2010, advising that the attorney was working with the State's Attorney's office to procure a hearing date. On June 21, 2010, Dosch filed a "supplemental petition for writ of habeas corpus." (Doc. 17-4) Not until January 4, 2013, was any response filed by respondents. I do not understand how a petition for what is called the "great writ" could lie dormant for more than four years. Meanwhile, Dosch is in the state penitentiary. Such long period of delay frankly appears to this court to be of overwhelming concern. I can think of no reason why such delay should or could be permitted. Mr. Dosch was attempting in a most diligent manner to have his claims heard by the state court. He was attempting to exhaust all state remedies in a timely fashion. At some point, he reported three attorneys to the Disciplinary Board of the State Bar of South Dakota, finally causing some activity.

Not until October 11, 2013, was any evidentiary hearing held. On January 2, 2014, findings of fact and conclusions of law were entered to support the denial of the petition. The order of the state judge denying the petition was filed on January 2, 2014, as well. Nothing in the findings, conclusions of law or the order addressed the question of a certificate of probable cause being issued or not issued. SDCL 21-27-18.1 denies review by the South Dakota Supreme Court of any order which contains a refusal to issue the writ unless a motion seeking issuance of a certificate of probable cause is filed within thirty days from the date the final order was entered. Not until February 24, 2014, did the attorney who represented Dosch at the habeas evidentiary hearing file a motion for the issuance of a certificate of probable cause. That, of course, was beyond the statutory deadline. There is nothing in the record to show that the circuit court ever ruled on the motion or ever issued the certificate. The statute also provides that the refusal to issue the certificate "is not appealable." The statute also allows the filing of a motion with the Supreme Court to issue the certificate. No such motion was filed by post-conviction counsel. Dosch filed a notice of appeal on February 6, 2014, claiming the circuit court order refusing to issue the writ was entered on January 23, 2014. He was incorrect in his contention. The file stamps on the findings of fact, conclusions of law and the order show January 3, 2014. The Supreme Court, on February 10, 2014, dismissed the appeal,

2

the Chief Justice noting that "no certificate of probable cause has been issued by the circuit court or a justice of this Court that an appealable issue exists", citing SDCL 21-27-18.1 as prohibiting any further review by the Supreme Court. The Chief Justice was, of course, correct in his statements.

The South Dakota statutes on habeas corpus seem, very frankly, somewhat strange to me. In the federal system, no such writ would normally issue until after a hearing at which both sides are heard. The procedure seems to be backwards in South Dakota. SDCL 21-27-5 provides that "the court or judge to whom the application for a writ of habeas corpus is made, shall forthwith award the writ, unless it shall appear from the application itself or from any document annexed thereto, that the applicant can neither be discharged nor admitted to bail, nor in any other manner relieved." In other words, the statute contemplates that the judge is to "forthwith" act on the writ and, in most cases, issue the writ before there is any notice to the states' attorney or the state itself. Clearly, none of that happened here. There is nothing to indicate that any judge looked at the application until more than four years had passed. Apparently, the practice here is to appoint counsel, have counsel review the application and perhaps amend it, followed by service of process, a return or answer by the state, and then an evidentiary hearing. There is nothing to require counsel to act in a diligent manner and that clearly did not happen here. SDCL 21-27-6 prohibits unreasonable delay in issuing the writ. There was no compliance with SDCL 21-27-8, assuming that the statutory scheme calls for the writ to issue followed by an evidentiary hearing. I do not know when the Brown County States' attorney or the Attorney General became aware of the pending application nor do I know how service of process was accomplished as required by SDCL 21-27-9.1. A "return" or answer is required with fifteen days of the writ issuing and that did not occur either. SDCL 21-27-12 provides: "Upon the return of the writ of habeas corpus, a day shall be set for the hearing of the cause of imprisonment or detainer, not exceeding thirty days thereafter, unless for good cause additional or less time is allowed." This statute was apparently ignored also. Certainly, the judge who finally conducted the evidentiary hearing acted in a timely fashion after hearing the evidence.

3

To compound all these problems and questionable procedures, the post-conviction attorney for Dosch failed to seek the certificate of probable cause until it was too late to do so. This, of course, blocked any hearing by the highest court in this state.

Coleman v. Thompson, 501 U.S. 722, 552-55 (1991), established the rule that "ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse factual or procedural default." Wooten v. Norris, 578 F.3d 767, 778 (8th Cir. 2009). Martinez v. Ryan, 132 S.Ct. 1309 (2012), somewhat relaxed the Coleman prohibition rule.

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132. S.Ct. at 1320.

We are told that the definition of "initial-review collateral proceeding" is a proceeding that provides the applicant's first occasion to raise a claim of ineffective assistance at trial. *Id.* at 1315. Martinez "addresse[d] only the constitutional claims presented in [that] case, a case in which the State barred the defendant from raising the claims on direct appeal." *Id.* at 1320.

The United States Supreme Court went further in Trevino v. Thaler, 133 S. Ct. 1911 (2013). The holding was that Martinez applies where the "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." 133 S. Ct. at 1921. This applies to cases from South Dakota.

As I have set forth above, there was a wholesale failure to follow state statutes in connection with the petition for habeas corpus. No one acted in a timely manner to protect the constitutional rights of Mr. Dosch. It is my hope that these practices will not be repeated again.

4

I am fully aware of the standards of Strickland v. Washington, 466 U.S. 668 (1984). To prevail in the face of that case to obtain the federal writ, the defendant must first show that the attorney's performance was deficient. Id. at 687. The court is to "indulge a strong presumption" that the conduct was reasonable, and "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks omitted). A defendant must, in addition to showing that the lawyer was deficient, "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of that proceeding would have been different." Id. at 694. "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome." Worthington v. Roper, 631 F.3d 487, 498 (8th Cir. 2011) (internal quotation marks omitted).

In the final analysis, a writ of habeas corpus may not be issued by a federal court unless the adjudication of the claim in state court proceedings resulted in a decision that was "contrary to, or involved an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d)(1). A federal court must review the decision reached in state court proceedings, but not the quality of the reasoning process. Williams v. Roper, 695 F.3d 825, 833-37 (8th Cir. 2012), cert. denied, 134 S. Ct. 85 (2013).

I find that there was ineffective assistance of counsel in the post-conviction process and numerous failures to act as required by South Dakota law. Under principles of equity and law, these practices cannot be excused or condoned.

Under the facts of what occurred here in the state habeas corpus proceeding, the failure to exhaust in state court should be excused and the court should move to the merits of the application. The motion to dismiss should be denied and the state should respond to the petition by no later than 30 days from the entry of this Order.

Dosch has filed a motion for appointment of counsel (Doc. 14). The court declines to appoint counsel at this time. The filings and the record made by his post-conviction counsel and Dosch himself are sufficient to bring all issues before this court.

5

Now, therefore,

IT IS ORDERED, as follows:

(1) The motion to dismiss (Doc. 11) is denied.

(2) The respondents shall respond to the petition by no later than 30 days from the entry of this Order.

(3) The motion for appointment of counsel (Doc. 14) is denied.

DATED this 22nd day of December, 2014.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge